UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DISABILITY RIGHTS NEW YORK,
                    Plaintiff
                      v.

ANDREW CUOMO, Governor of the State of New York, in his official capacity, and ROANN M. DESTITO, Commissioner, Executive Department, Office of General Services, in her official capacity,

                    Defendants

COMPLAINT
Civil Action No.: 1:19-cv-59 (DNH/CFH)

## INTRODUCTION

1. Plaintiff Disability Rights New York ("DRNY"), the federally designated Protection and Advocacy System for the State of New York, brings this action to enforce its federal right be a voting member of New York's Developmental Disabilities Planning Council (DDPC) with all the authority which such membership entails.

2. Plaintiff's claims for relief are pursuant to 42 USC §§ 15025, 15043 and 1983, and Article VI, Clause 2 of the United States Constitution (the Supremacy Clause).

3. Defendants have unlawfully refused to permit DRNY from serving as a member of the DDPC, which violates DRNY's federally protected right and which jeopardizes federal funding for persons with Developmental Disabilities in New York State.

4. Plaintiff seeks declaratory and injunctive relief only.

## THE PARTIES

5. Plaintiff Disability Advocates, Inc. does business as Disability Rights New York (DRNY).

6. Plaintiff DRNY is the "State Protection and Advocacy System" for the State of New York established pursuant to 42 USC § 15043.

7. As the State Protection and Advocacy System, DRNY must "be independent of any agency that provides treatment, services, or habilitation to individuals with developmental disabilities." 42 U.S.C.A. § 15043.

8. Defendant Andrew Cuomo is the Governor of the State of New York and is sued in his official capacity.

9. Governor Cuomo's Appointments Office, which is under his control and whose actions he is responsible for, has prohibited DRNY from serving on the Developmental Disabilities Planning Council (DDPC) unless it complies with certain procedures and obtains certain clearances from the State Police and the Governor's office which are not authorized by law.

10. Defendant Andrew Cuomo controls and is responsible for the Office of Protection of Persons with Developmental Disabilities (OPWDD) which provides treatment, services and habilitation to individual with developmental disabilities.

11. Roann M. Destito is the Commissioner of the Office of General Services, and is sued in her official capacity. As Commissioner, she is responsible for the actions of the NYS Center for Recruitment and Public Service within the Office of General Services.

12. The Office of General Services has prohibited DRNY from serving on the Developmental Disabilities Planning Council (DDPC) unless it complies with certain procedures and obtains certain clearances from the State Police and the Governor's office which are not authorized by law.

**JURISDICTION AND VENUE**

13. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the Constitution and laws of the United States.

14. Plaintiff's cause of action arises under 42 USC §§ 15025 and 15043, Article VI, Clause 2 of the United States Constitution, and 42 USC § 1983.

15. This Court has the authority to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201 and § 2202.9, and Fed. R. Civ. P. 65.
16. Venue is proper in the Northern District of New York under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims in this lawsuit occurred in this District.

**FACTS**

17. 42 USC Chapter 144, Subchapter I, Part B provides an allotment to support State Councils on Developmental Disabilities to engage in advocacy, capacity building and systemic change activities and to contribute to a coordinated, consumer-and family-centered and family-directed comprehensive system of community services, individualized supports, and other forms of assistance that enable individuals with developmental disabilities to exercise self-determination, be independent, be productive, and be integrated and included in all facets of community life. 42 USC §§ 15021 and 15025.
18. As a condition of receiving federal assistance for developmental disability services, New York State must have a State Council on Developmental Disabilities, which in New York State is the DDPC. 42 USC § 15025.
19. 42 USC § 15025 mandates the persons and entities that must be members of the DDPC.
20. There are two categories of DDPC members.
21. The first category of members are appointed by the Governor.
22. 42 USC § 15025(b)(1)(B) authorizes the Governor to make certain "council appointments … at the discretion of the Governor," after soliciting recommendations from certain organizations and insuring that certain demographic groups are represented. 42 USC § 15025(b)((1)((B).
23. The second category of members are certain "agencies and organizations" which are enumerated in the statute and must be members of the DDPC. 42 USC § 15025(b)(4).

24. These mandatory agencies and organizations "shall include…"the State protection and Advocacy System" as well as certain other entities. *Id.*

25. DRNY is not an individual that the Governor may appoint pursuant to 42 USC 15025(b)((1)((B).

26. Neither DRNY nor any employee of DRNY has been recommended for appointment to the DDPC.

27. DRNY has declined any Governor's appointment to the DDPC and has asserted that DRNY is a statutory member of the DDPC.

28. DRNY as the "State protection and Advocacy System" is a mandatory member of the DDPC pursuant to 42 USC § 15025(b)(4).

29. Thus DRNY is a member of the DDPC, and requires no governor's appointment to be a member.

30. The Governor has no discretion regarding whether DRNY, as the State Protection and Advocacy system, is a member of the DDPC.

31. Since becoming the State Protection and Advocacy system in 2013, DRNY has been a member of the DDPC and has exercised the rights and responsibilities of membership.

32. In 2017 Robert Connors ("Connors") of the office of General Services requested that Tim Clune, Executive Director of DRNY, complete financial disclosure forms, releases for the New York State Police and an Appointment Questionnaire as a condition of DRNY being a member of the DDPC.

33. DRNY contacted Connors to contest the necessity of doing so and he referred DRNY to Kendal Sale, Counsel for the NYS Office of General Services.

34. On December 11, 2017 DRNY wrote to Kendal Sale, Counsel for the NYS Office of General Services and explained why DRNY is not required by Federal or State law to comply with Connor's request.

35. In or about September 2018, Julie Kupiec of the Governor's Counsel's officestated that DRNY must comply with New York Public Officers Law § 73-a if it wishes to continue to be a member of the DDPC.

36. On September 7, 2018 Kendal Sale, Appointments Counsel, NYS Center for Recruitment and Public Service wrote a letter to Tim Clune, the DRNY Executive Director.

37. Ms. Sale stated that "Disability Rights New York (DRNY) has recommended you for appointment as a member of the Developmental Disabilities Planning Council ("the DDPC"). The Governor of the State of New York ultimately makes such an appointment. This gubernatorial appointment must comply with all New York state ethics laws, regulations and policies…."

38. DRNY did not recommend Mr. Clune for an appointment to the DDPC.

39. To the contrary, DRNY has asserted that DRNY is a member of the DDPC by virtue of Federal law, and not by any Governor's appointment.

40. On September 10, 2018, DRNY was notified by Jessica Pidgeon of the DDPC that "because of the letter DRNY received from the appointments office on Friday Sept. 7th…. DRNY is no longer a voting member…."

41. Upon information and belief, Ms. Pidgeon's reference to the "appointments office" refers to the Governor's Appointment Office, and the September 7th letter she references is the letter from Ms. Sale dated September 7, 2018.

42. On October 18, 2018, Sheila Carey, the Executive Director of the DDPC, notified DRNY that, "(s)ince DRNY is not technically a voting member at the moment—I just wanted to be sure your knew that the current situation prevents you from voting or participating [at meetings of the DDPC]."

43. DRNY continues to be excluded from membership in the DDPC.

44. Defendants assert that New York State Law requires the DRNY employee who represents DRNY on the DDPC to complete financial disclosure forms, releases for the New York State Police and an Appointment Questionnaire as a condition of DRNY being a member of the DDPC.

45. Defendants assert that state law and policy requires that DRNY may only be a member of the DDPC upon submission of these forms, investigation by the State Police, and approval by the Governor's office.

46. The power to approve membership includes the power to deny membership.

47. The Governor is asserting authority to prohibit DRNY from performing an important federally required function, membership on the DDPC.  This impairs the independence of DRNY as the protection and advocacy system which is required by 42 USC § 15043.

48. The Governor appoints the Commissioner of the Office of Protection of Persons with Developmental Disabilities (OPWDD), who serves at his will.

49. OPWDD provides treatment, services and habilitation to individuals with developmental disabilities.

50. Conditioning DRNY's performance of its duty to serve on the DDPC upon the Governor's approval compromises the independence of DRNY from "any agency that provides treatment, services or habilitation to individuals with disabilities."

51. Even if New York State Law so requires, the State law is superseded by the federal statutes cited in this complaint.

52. This is because "This Constitution, and the laws of the United States which shall be made in pursuance thereof; … shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding."  Article VI, Clause 2 of the United States Constitution.

53. The NY Attorney General has opined that "Federal officials serving as members or directors of state public benefit corporations in their federal capacities are not required to file financial disclosure statements under the Public Officers Law, even though they have been designated policy makers."  Op. Atty. Gen. 98-F-1.

54. The New York Attorney General stated,

    "Under the percepts of supremacy and federalism, a state cannot impose qualifications on federal officials in addition to those the federal government has deemed sufficient….It seems to us that the immunity of the instruments of the United States from state control in the performance of their duties extends to a requirement that they desist from performance until they satisfy a state officer…The federal officials designated to serve as members or directors … are serving as officials of the federal government rather than in their personal capacities."

55. New York Law is not in conflict with federal law.

56. New York Public Officers Law § 73-a does not require DRNY to comply with the defendants demands as a condition of membership on the DDPC.

57. The statute requires financial disclosures by every "statewide elected official, state officer or employee, member of the legislature, legislative employee and political party chairman and every candidate for statewide elected office or for member of the legislature. " N.Y. Pub. Off. Law § 73-a.

58. DRNY is not one of the enumerated persons who must file a financial disclosure.

59. The New York Attorney General has opined that Federal Officials serving in their federal capacity were never intended to be covered by N.Y. Pub. Off. Law § 73-a. Op. Atty. Gen. 98-F-1.

60. Defendants continue to exclude DRNY from the DDPC, which

    a. violates federal law,

    b. jeopardizes federal funding for services for people with intellectual and developmental disabilities which are essential for their health and safety,

    c. prevents DRNY from fulfilling its duties as the Protection and Advocacy System for the State of New York, and

    d. Interferes with the independence of the Protection and Advocacy System required by 42 USC § 15043.

## FIRST CLAIM FOR RELIEF
### Violation of to 42 USC §§ 15025 and 1983

61. Plaintiff realleges all the allegations above.

62. Defendants have violated 42 USC §§ 15025 and 1983 by unlawfully excluding DRNY from membership on the DDPC although DRNY is a member of the DDPC by federal statutory mandate.

63. Plaintiff is entitled to declaratory and injunctive relief.

## SECOND CLAIM FOR RELIEF
### Violation of Article VI, Clause 2 of the United States Constitution and 42 USC § 1983

64. Plaintiff realleges all the allegations above.

65. Defendants have imposed state statutory and policy conditions on DRNY's membership in the DDPC which are contrary to Federal Law, which is the supreme law of the land.

66. Plaintiff is entitled to declaratory and injunctive relief.

## THIRD CLAIM FOR RELIEF
### Violation of 42 USC § 10543 and 42 USC § 1983

67. Plaintiff realleges all the allegations above.

68. Defendants have conditioned the performance of DRNY's membership on the DDPC upon Governor's approval.

69. Membership on the DDPC is an important function of the Protection and Advocacy System required by Federal law which defendants are unlawfully prohibiting.

70. Defendants have impaired the independence of the Protection and Advocacy System in violation of 42 USC § 10543.

**WHEREFORE**, Plaintiff demands the following relief:

1. A declaration that DRNY is a member of the DDPC with all the rights of membership thereof.

2. An injunction prohibiting the defendants from interfering with DRNY's membership on the DDPC and prohibiting defendants from interfering with DRNY's exercise of all the rights of membership.

3. An injunction prohibiting the defendants from demanding that DRNY, or its employees or agents, comply with Public Officers Law § 73-a or complete financial disclosure forms, releases for the New York State Police and an Appointment Questionnaire as a condition of DRNY being a member of the DDPC.

4. An injunction prohibiting the defendants from interfering with DRNY's independence by conditioning any of its Protection and Advocacy duties and activities upon approval by the Governor.

5. Attorney fees and costs pursuant to 42 USC § 1988.

6. Such other relief as justice requires.

Respectfully submitted,

January 16, 2019

DISABILITY RIGHTS NEW YORK
CLIFF ZUCKER, of counsel
Bar No. 102871
725 Broadway, Suite 450
Albany, New York 12207
Cliff.zucker@drny.org
518-432-7861
518-427-6561 fax